**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judith R. Spielman; Thomas E. Spielman, ) | No. CV 10-0184-PHX-JAT |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| Trustee Jeffrey S. Katz; et al., ) | |
| Defendants. ) | |

Pending before the Court are Defendant Transnation Title Insurance Company's ("Transnation") Motion to Dismiss (Doc. 21) and Motion for Summary Disposition (Doc. 25); Defendants Vanderbilt Mortgage and Finance, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), and Jeffrey S. Katz's (collectively, "Vanderbilt") Motion to Dismiss and Notice of Prior Settlement (Doc. 31); Defendant First Franklin Financial Corporation's ("First Franklin") Motion to Dismiss (Doc. 38); and Plaintiffs Judith and Thomas Spielman's Motion to Vacate the Order Before the Court Under Rule 41(a)(1) Voluntary Dismissal, as to Defendants, Vanderbilt, MERS, Katz, 3rd Day of August, 2010 (Doc. 40). For the reasons that follow, the Court grants Defendant Transnation's motion to dismiss, denies Defendant Transnation's Motion for Summary Disposition as moot; denies Defendants Vanderbilt and Defendant First Franklin's motions to dismiss as moot; and denies Plaintiffs' motion to set aside court order as moot.

## I. Background

In August 27, 2007, Plaintiff, Judith Spielman, a married woman, purchased a home for $344,000 as her sole and separate property. To pay for the property, Plaintiff obtained financing from Defendant First Franklin. Defendant Transnation provided escrow services for the transaction and underwrote Defendant First Franklin's title insurance policy. Ultimately, Defendant Jeffrey S. Katz commenced foreclosure proceedings with respect to Plaintiff's property. Defendant Katz set the date of the trustee's sale for January 28, 2010. The trustee's sale was held as scheduled and the property was sold. In anticipation of the trustee's sale, Plaintiffs, husband and wife, filed this law suit on January 27, 2010 to enjoin the trustee's sale of the home,[1] to require Defendants to deed the property back to Plaintiffs, and to exact pecuniary damages from Defendants. In the complaint, Plaintiffs: (1) charge Defendants with fraud and usury, (2) question the existence and location of the document securing the debt on the property, (3) dispute standing to initiate and participate in the foreclosure proceedings; (4) question the validity of the appraisal on their home, and (5) generally allege violations of various federal and state statutes relating to disclosure and reporting requirements. Defendants now move to dismiss all of Plaintiffs' claims.

## II. Motion to Dismiss

*A. Legal Standard*

The Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1] Plaintiffs requested that the Court also set aside the trustee's sale, even though the Plaintiffs filed the complaint prior to the sale.

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief calls for "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1202 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, states a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

B.  *Defendant Transnation*

Defendant Transnation filed a motion to dismiss arguing generally that Plaintiffs failed to meet the requirements of Rule 8. Defendant Transnation also argues, more

- 3 -

1  specifically, that Plaintiffs waived their objections to the trustee's sale in light of A.R.S. §
2  33-811(C). Plaintiffs failed to respond to Defendant Transnation's motion.[2] The Court need
3  not consider the Rule 8 argument because dismissal is warranted under A.R.S. § 33-811(C).

*1.     Dismissal under A.R.S. § 33-811(C)*

Defendant Transnation argues that it is entitled to dismissal because Plaintiffs waived their right to raise objections or defenses to the trustee's sale pursuant to A.R.S. § 33-811(C). Plaintiffs have failed to respond to Defendant Transnation's motion. Plaintiffs' failure to respond alone is grounds for the Court to grant Defendant Transnation's motion to dismiss. *See* LRCiv. 7.2(i). The Court finds Plaintiffs' failure to respond to Defendant Transnation's arguments as acquiescence to the motion being granted. Additionally, the Court also agrees with Defendant Transnation's substantive analysis.

Under A.R.S. § 33-811(C), "[t]he trustor, its successors or assigns . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to Rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale." In effect, section 33-811 requires Plaintiffs to assert any objections to and obtain injunctive relief from the trustee's sale prior to such sale or risk losing their rights to object.[3] While Plaintiffs filed an action for relief before the trustee's sale, the record shows that they failed to secure any Rule 65 relief to enjoin such sale. By failing to fulfill the requirements of A.R.S. § 33-811(C), Plaintiffs waived their claims for relief against Defendant Transnation. *See Coleman v. Am. Home Mortg. Servincing*, 2010 U.S. Dist. LEXIS 30922, *10-11 (D. Ariz. 2010). Plaintiffs' complaint does not state a claim upon

---

[2] Plaintiffs also failed to appear at an oral argument on this motion scheduled for October 14, 2010.

[3] *But see Martenson v. RG Financing*, 2010 WL 334648, *8 (D. Ariz. 2010) (concluding that the plaintiff does not waive certain notice objections irrespective of the trustee's sale). However, the notice and cure requirements at issue in *Martenson* are not at issue in this case.

- 4 -

1  which relief may be granted, and thus, will be dismissed under Rule 12(b)(6). Because the
2  Court grants Defendant Transnation's Motion to Dismiss, it is unnecessary to grant the
3  Defendant's subsequent Motion for Summary Disposition. Therefore, the request for
4  summary disposition is denied.

5           *2.Similarly Situated Defendants*

6  Although only one defendant moved for dismissal under the Deed of Trust statute, the
7  argument applies to all of the defendants in this case. Plaintiffs bring an indiscriminate
8  charge against all the named defendants, without any indications of what specific wrongs
9  were committed by each Defendant. Plaintiffs' claims against Defendant Transnation are
10 identical to the claims against all other defendants. Because the Court finds that all of
11 Plaintiffs' claims lack merit in light of the statutory waiver, the same conclusion will apply
12 to the remaining Defendants, which moved to dismiss on alternative grounds to Transnation.
13 *See Abigninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) (concluding that
14 the district court may collectively dismiss similarly-situated, non-moving defendants). The
15 dismissal of Defendants Vanderbilt and Defendant First Franklin as similarly-situated
16 defendants renders their respective motions to dismiss moot, and thus, the motions are denied
17 without prejudice.

18 **III.    Leave to Amend**

19 In this case, Plaintiffs have not amended, nor sought leave to amend, their original
20 complaint as a matter of right under Rule 15. The last defendant to file a motion to dismiss,
21 Defendant First Franklin, did so on August 24, 2010. Because the 21-day time frame to file
22 an amendment following a motion to dismiss has expired, Plaintiffs have lost their right to
23 amend their complaint as a matter of course. Fed.R.Civ.P. 15(a)(1). However, the Ninth
24 Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a
25 case for failure to state a claim, "unless the court determines that the pleading could not
26 possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127
27 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In this case,
28 the Court finds that Plaintiffs will not be able to cure the deficiency of their complaint. No

1 additional facts could reverse the existence of the trustee's sale or supplement the court
2 records with an unissued injunction, and thus, granting leave to amend would be futile.
3 Therefore, Plaintiffs' complaint is dismissed with prejudice against all defendants.

### IV. Motion to Set Aside Court Order

Plaintiffs have filed a motion to set aside the court's order dismissing Plaintiffs' case in the district court. The documents attached as exhibits to Plaintiffs' motion indicate Plaintiffs' apparent intent to dismiss their federal action against Defendant Vanderbilt pursuant to a negotiated settlement agreement between the parties. No such voluntary dismissal motion appears to have been filed in the instant case. As such, the Court never issued any Order, either granting or denying the unfiled motion. Therefore, Plaintiffs' request to set aside this nonexistent Order is denied.

Accordingly,

**IT IS ORDERED** that Defendant Transnation's Motion to Dismiss (Doc. 21) is granted as to all Defendants and the Clerk of the Court shall enter judgment of dismissal in favor of Defendants and against Plaintiffs as to all claims.

**IT IS ORDERED** that Defendant Transnation's Motion for Summary Disposition (Doc. 25) is denied as moot.

**IT IS ORDERED** that Defendants Vanderbilt's Motion to Dismiss (Doc. 31) is denied without prejudice as moot.

**IT IS ORDERED** that Defendant First Franklin's Motion to Dismiss (Doc. 38) is denied without prejudice as moot.

**IT IS ORDERED** that Plaintiffs' Motion to Vacate the Order Before the Court Under Rule 41(a)(1) Voluntary Dismissal, as to Defendants, Vanderbilt, MERS, Katz, 3rd Day of August, 2010 (Doc. 40) is denied.

DATED this 14th day of October, 2010.

James A. Teilborg
United States District Judge